THE STATE OF KANSAS v. E. B. CROPPER.

No. 318.

1. CASE *Followed.* The case of *The State v. Blackman*, 32 Kan. 615, quoted and followed.

2. INFORMATION — *Motion to Quash.* No motion to quash the information or ruling thereon is contained in the record and no mention is made of one in the motion for a new trial. Therefore we cannot say that the court erred in overruling a motion to quash the information.

3. EVIDENCE — *Immaterial Error.* The testimony has been carefully examined, and no material error has been committed prejudicial to the rights of the appellant.

MEMORANDUM. — Appeal from Crawford district court; J. S. WEST, judge. Prosecution for violation of the prohibitory liquor law. Defendant, E. B. Cropper, was convicted. He appeals. Affirmed. The opinion herein, filed June 2, 1896, states the material facts.

*B. S. Gaitskill, C. W. Butterworth,* and *O. T. Boaz,* for appellant.

*F. B. Dawes,* attorney general, and *W. H. Morris,* county attorney, for The State.

The opinion of the court was delivered by

DENNISON, J.: This is an action brought in the district court of Crawford county, Kansas, against appellant, Cropper, for selling intoxicating liquors in violation of law, and for keeping a place where such liquors are unlawfully kept for sale, and where persons are permitted to assemble for the purpose of drinking intoxicating liquors as a beverage. The information contained two counts — the first for selling, and the second for keeping the place. The information was verified by the county attorney upon information and belief, and filed with the information was

the affidavit of one Phillips, verified before the county
attorney. Cropper was aquitted upon the first count,
and found guilty upon the second count. He alleges
error in said conviction, and brings the case here for
review.

The first error complained of is that the court over-
ruled a motion to quash the second count of the in-
formation. A thorough examination of the record
fails to disclose any motion to quash the information
or any ruling thereon, and the motion for a new trial
does not allege the overruling of such motion as one
of the causes for which a new trial should be granted.
Therefore we cannot say that the court erred in over-
ruling a motion to quash the information. We may
say, however, that an information verified by the
county attorney upon information and belief is a suf-
ficient verification for every purpose, except merely
for the purpose of issuing a warrant for the arrest of
the defendant. (*The State v. Blackman*, 32 Kan. 615.)
No attack was made upon the warrant, either by mo-
tion to quash or to discharge from arrest. The de-
fendant below objected to the introduction of any
testimony under the second count of the information,
for the reason that it does not state a public offense,
for the further reason that the section of the statute
which permitted the county attorney to take testimony
had been declared unconstitutional by the supreme
court of this state, and that there was no sufficient
verification to this complaint to put this defendant
upon trial for this offense. The same question was
raised in the motion in arrest of judgment. None of
these objections is sufficient to question the validity
of the verification of the information by the county
attorney under section 12 of the prohibitory law of

1881. In *The State v. Blackman*, supra, our supreme court says :

"And an information thus verified is not subject to a motion to set it aside or to quash it merely because of the supposed insufficiency of the verification ; nor may the case be dismissed or the judgment arrested or a new trial granted for any such reason. . . . "

The information filed in this case is sufficient for every purpose except for the issuance of the warrant, and the county attorney had in mind the keeping by said Cropper of the place in the one-story building described in the information.

The other assignments of error relate to the introduction of testimony and motions to strike out testimony. A careful examination of the testimony fails to disclose any material error prejudicial to the rights of the appellant ; nor is any question raised of sufficient importance to justify an extended opinion upon it.

Perceiving no material error prejudicial to the rights of the appellant, the judgment of the district court is affirmed.

All the Judges concurring.