# THE STATE OF NORTH DAKOTA v. W. H. GOTTLIEB.

## (129 N. W. 460.)

**Constitutional Law — Criminal Procedure in County Courts — Preliminary Examination.**

1. The constitution of North Dakota confers no right to a preliminary examination. It is accordingly held that § 35, chapter 80, Laws of 1909 of this state, which provides that "no preliminary examination shall be necessary before trial in criminal actions in the county court" is not unconstitutional.

**Indictment and Information — County Courts — Verification on Information and Belief.**

2. The state's attorney instituted a criminal action in the county court by filing therein an affidavit in the form of a criminal complaint sworn to positively, wherein facts were stated showing the commission by appellant of the crime of maintaining a common nuisance in violation of the prohibition statute of this state, and by filing at the same time his information in due form and verified on information and belief in accordance with the statute. A motion was made to quash such information, which was overruled. *Held*, not error for reasons stated at length in the opinion.

**Criminal Law — County Court — Information — Constitutional Law.**

3. The provisions of chapter 80, Laws of 1909, authorizing the institution of criminal proceedings in the county court by the filing of informations by the state's attorney, should be construed in connection with § 18 of the Constitution, which provides that "no warrant shall issue but upon probable cause, supported by oath or affirmation."

**Criminal Law — County Courts — Information and Indictment.**

4. At the time the state's attorney filed his information in the county court, he also filed a positive affidavit in the form of a criminal complaint, setting forth all the facts alleged in such information. *Held*, that this was a sufficient compliance with § 18 of the Constitution.

**Criminal Law — Evidence — Certificate of Revenue Collector.**

5. The prosecution offered in evidence a certified list of special taxpayers

furnished by the collector of internal revenue, which list includes defendant's name, and the same was received in evidence over defendant's objection. *Held*, prejudicial error for reasons stated in the opinion.

Opinion filed December 30, 1910.

Appeal from County Court, Wells county; *Alois Wartner, J.*

From a judgment of conviction for maintaining a common nuisance defendant appeals.

Reversed and a new trial ordered.

*John O. Hanchett,* for appellant.

A criminal complaint sworn to on knowledge is essential to jurisdiction of a criminal action. People v. Heffron, 53 Mich. 527, 19 N. W. 170; Bishop, Crim. Proc. chaps. 716–719; Com. ex rel. Parker v. Certain Lottery Tickets, 5 Cush. 369; Brown v. Kelley, 20 Mich. 27; People ex rel. Hackett v. Wayne Circuit Judge, 36 Mich. 334; Swart v. Kimball, 43 Mich. 451, 5 N. W. 635; Badger v. Reade, 39 Mich. 774; People ex rel. Van Valkenburgh v. Recorder of Albany, 6 Hill, 429; Proctor v. Prout, 17 Mich. 473; State ex rel. Poul v. McLain, 13 N. D. 368, 102 N. W. 407; State ex rel. Register v. McGahey, 12 N. D. 544, 97 N. W. 865, 1 A. & E. Ann. Cas. 650, 14 Am. Crim. Rep. 283.

Certificate of a public officer is evidence only when made so by law. Billingsley v. Hiles, 6 S. D. 445, 61 N. W. 687; Sykes v. Beck, 12 N. D. 242, 96 N. W. 844.

*John A. Layne,* State's Attorney, *Andrew Miller,* Attorney General, *C. L. Young,* Assistant, for respondent.

Provision that preliminary examinations in county courts are not necessary is constitutional. State v. Krohne, 4 Wyo. 347, 34 Pac. 3; State v. Brett, 16 Mont. 360, 40 Pac. 873; Hurtado v. California, 110 U. S. 534, 28 L. ed. 238, 4 Sup. Ct. Rep. 111, 292; Hallinger v. Davis, 146 U. S. 314, 36 L. ed. 986, 13 Sup. Ct. Rep. 105; Swart v. Kimball, 43 Mich. 443, 5 N. W. 635; State v. Boswell, 104 Ind. 541, 4 N. E. 675, 5 Am. Crim. Rep. 166; Re Humason, 46 Fed. 388; State v. Kelm, 79 Mo. 515; State v. Rozum, 8 N. D. 548, 80 N. W. 477.

Giving bail waives irregularity in the complaint. Re Cummings,

11 Okla. 286, 66 Pac. 332; State v. Barr, 54 Kan. 230, 38 Pac. 289; State v. Longton, 35 Kan. 375, 11 Pac. 163.

State's attorney can file information when supported by affidavit. State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Stevens, 19 N. D. 249, 123 N. W. 888.

Evidence of payment of a special United States revenue tax may be shown by copy of records in collector's office. State v. Gorham, 65 Me. 270; State v. Teahan, 50 Conn. 92; State v. Intoxicating Liquors, 44 Vt. 208; State v. O'Connell, 82 Me. 30, 19 Atl. 86.

FISK, J.   Appellant was convicted in the county court of Wells county of the crime of maintaining a common nuisance, and he has appealed from the judgment of conviction.   He assigns errors as follows:

1. The court erred in denying defendant's motion for a preliminary hearing.

2. The court erred in denying the defendant's motion to set aside and quash the information.

3. The court erred in overruling defendant's general objection to the introduction of any testimony under the information made at the opening of the trial.

4. The court erred in overruling defendant's objection to Exhibit 7.

5. The court erred in denying defendant's motion for a new trial made upon the ground of the errors occurring upon the trial above specified, and upon the ground that the jury was allowed to separate without leave of the court after returning to deliberate upon their verdict.

It was not error to deny appellant's motion for a preliminary examination.   The statute governing the practice in county courts expressly provides that "no preliminary examination shall be necessary before trial in criminal actions in the county court." (Laws 1909, chap. 80, § 35.)   That such statute is constitutional we entertain no doubt.   The Constitution of this state confers no right to a preliminary examination.   If such right exists, it is by virtue of some statute.   Such was the express holding of this court in State v. Rozum, 8 N. D. 548, 80 N. W. 477.   See also 1 Bishop, New. Crim. Proc.

§ 239a. Nor does a statute such as chapter 80, Laws 1909, contravene the "due-process-of-law" clause in our Constitution, or in the Federal Constitution.

Hurtado v. California, 110 U. S. 534, 28 L. ed. 238, 4 Sup. Ct. Rep. 111, 292; Hallinger v. Davis, 146 U. S. 314, 36 L. ed. 986, 13 Sup. Ct. Rep. 105; State v. Krohne, 4 Wyo. 347, 34 Pac. 3. The opinion in the latter case, to our minds, fully answers the very ingenious argument of appellant's counsel upon this branch of the case. Such argument would, no doubt, have much to commend it if addressed to the legislature, instead of to the courts. As argued by counsel the statute dispensing with preliminary examinations in the county court may, for reasons stated, be very harsh and drastic in many instances; but the remedy for this rests with the legislature, not the courts.

The second assignment challenges the ruling denying defendant's motion to quash the information. The grounds of such motion were:

"1. That defendant has never had or been allowed a preliminary hearing herein as provided by law, but has been refused the same.

"2. That the information herein does not purport to be sworn to by the state's attorney upon his own knowledge, but only upon information and belief, and is not accompanied by any deposition or testimony taken before him as state's attorney.

"3. That there never has been a criminal complaint made herein, as required by law.

"4. That this court is without jurisdiction in this action." For reasons hereafter stated we are unable to discover any error in such ruling. The first ground is untenable, as we have above noticed, for the reason that the defendant was not entitled to a preliminary examination under the statute. None of the other grounds enumerated in the motion are designated in the statute as grounds for quashing the information. Sec. 9891, Rev. Codes 1905, prescribes the cases in which an information may be set aside by the court in which the defendant is arraigned as follows:

1. In all cases when the defendant is entitled to a preliminary examination before a magistrate, before the filing of such information, when he has not had such examination and been held to answer before the district court, or has not waived such examination in writing, or orally before a magistrate.

2. When the information is not subscribed by a person authorized to act as informant.

3. When the information is not verified.

Appellant's counsel argues that the information being verified by the state's attorney on information and belief merely, and there being no proper showing of probable cause supported by oath or affirmation, that it was error to deny his motion to quash the information. Conceding that there was no showing of probable cause supported by oath or affirmation, does it follow that the court erred in refusing to quash the information? It was verified as required by law. Conceding that appellant was wrongfully arrested under a warrant issued without a previous showing of cause, supported by oath or affirmation, contrary to § 18 of our Constitution, does this furnish any ground for quashing the information? It was, no doubt, a good ground for setting aside the warrant under which he was thus illegally arrested, and, restoring him to his liberty, but further than this the authorities are not in entire harmony. The cases of State v. Cropper, 4 Kan. App. 245, 45 Pac. 131, and State v. Blackman, 32 Kan. 615, 5 Pac. 173, are authority upon the point that the information, being verified according to law, is sufficient for every purpose except merely for the purpose of issuing a warrant for the arrest of the defendant. We quote from the opinion in the latter case as follows: "The question in the present case is not whether a warrant was properly issued or not, or whether a warrant or an arrest thereunder is valid or not; but the sole question is simply whether the information, as verified by the county attorney, is sufficient. Now, it is our opinion that an information or complaint under the prohibitory liquor law of 1881, verified in accordance with § 12 of such law, is, so far as the verification is concerned, sufficient for every purpose except merely for the purpose of issuing a warrant for the arrest of the defendant. Such an information thus verified may properly be filed by the county attorney; a trial may properly be had thereon; a conviction may properly follow the trial; and the defendant may properly be sentenced upon such conviction. And an information thus verified is not subject to a motion to set it aside or to quash it merely because of the supposed insufficiency of the verification; nor may the cause be dismissed or the judgment arrested or a new trial granted for

any such reason, and the county attorney may not only rightly file the information under the prohibitory liquor law, and verify them in accordance with § 12 of such law, but it is his duty in many cases to do so, and it is always his duty to obey the provisions of that section. Of course, before a warrant is issued for the arrest of the defendant, an oath or affirmation within the meaning of § 15 of the Bill of Rights should be made, showing probable cause to believe the defendant guilty; but if no such oath or affirmation is made or filed, but nevertheless the defendant, without objection, pleads to the merits of the action, and goes to trial, he waives all irregularities in the verification of the information, and cannot afterward be heard to question the regularity or validity of any proceeding in the case, if he urges no other objection than that such verification is insufficient."

In State v. Cropper, supra, the information was verified upon information and belief, and filed with the information was the affidavit of one Phillips, verified before the county attorney. A motion to quash the information was made and denied. We quote from the opinion, as follows: "An information verified by the county attorney upon information and belief is a sufficient verification for every purpose, except merely for the purpose of issuing a warrant for the arrest of the defendant. State v. Blackman, 32 Kan. 615, 5 Pac. 173. No attack was made upon the warrant, either by motion to quash or to discharge from arrest."

On the other hand it has been held, or strongly intimated by equally good authority, that an information not supported by oath or affirmation so as to justify the issuance of a criminal warrant is insufficient for any purpose, and that a prosecution and conviction thereunder are violative of constitutional provisions similar to those in § 18 of our Constitution. Among the cases so holding are Myers v. People, 67 Ill. 503; Lustig v. People, 18 Colo. 217, 32 Pac. 275; Thornberry v. State, 3 Tex. App. 36. In Myers v. People the facts were quite analogous to those in the case at bar. The statute increasing the jurisdiction of county courts authorized the institution in that court of criminal proceedings by the filing of informations by the prosecuting attorney, the statute apparently making no provision for a preliminary showing of probable cause supported by oath or affirmation, but an affidavit was nevertheless filed prior to the filing

of the information. The judgment of conviction was affirmed, the court, however, made the following observation:

"There was an affidavit in this case which states, substantially, all that was required to be stated, though not so fully and formally as should be, and on which, if false, perjury could be assigned.

"We are of opinion that the 5th section of the county-court act should be construed with reference to the 6th section of the 'Bill of Rights,' which declares that 'no warrant shall issue without probable cause, supported by affidavit,' etc.

"If informations could be filed, upon which a warrant for arrest may issue without affidavit, the door would be opened to intolerable abuse; every man's liberty would be at the mercy of the caprice or malice of the state's or county attorney."

In Lustig v. People, supra, the prosecution was commenced in the county court by the filing of an information by the district attorney. Such information was not sworn to, neither was it based upon a preliminary examination previously held, nor upon the oath of any person. Defendant was arrested under a warrant issued on such information to quash the information because not verified or presented upon oath of any party was overruled, and defendant convicted. In reversing the judgment the supreme court of Colorado, after calling attention to the Bill of Rights in their Constitution, similar to § 18 of the Constitution of this state, among other things said: "The language of this section is too plain to admit of misconstruction. An information can serve no practical purpose in the administration of the criminal law, unless a legal warrant can be issued thereon. And to justify a warrant there must be a charge under oath, reduced to writing. The public prosecutor is no longer authorized to institute a criminal prosecution against any person by reason of his official signature merely. To allow him to do so would be contrary to the express provisions of the Bill of Rights quoted. And the 'probable cause supported by oath or affirmation,' prescribed by this section, is the oath or affirmation of those parties who depose to the facts upon which the prosecution is founded. United States v. Tureaud, 20 Fed. 621.

"This is now the settled law in the Federal courts, under the 4th Amendment to the Constitution of the United States, which is substantially the same as the provisions of our Bill of Rights: United States v.

Tureaud, supra; United States v. Maxwell, 3 Dill. 275, Fed. Cas. No. 15,750; United States v. Polite, 35 Fed. 58; United States v. Smith, 40 Fed. 755. . . .

"As the information in this case is not supported by the oath or affirmation of any person, the prosecution and conviction thereunder were in violation of the 7th section of our Bill of Rights. The motion to quash should have been sustained."

To the same effect is the case of Thornberry v. State, supra, except that the Texas statute for a showing of probable cause by oath or affirmation prior to presenting an information. The conviction was reversed for the reason that such showing had not been made. See also Brown v. People, 20 Colo. 161, 36 Pac. 1040, and White v. People, 8 Colo. App. 289, 45 Pac. 539.

In State ex rel. Poul v. McLain, 13 N. D. 368, 102 N. W. 407, this court held that a criminal complaint upon information and belief merely was not a sufficient showing of probable cause to authorize the issuance of a warrant of arrest, but it was further held that the provisions of § 18 of the Constitution, prohibiting the issuance of a warrant except upon probable cause supported by oath or affirmation, being designed for the protection of the person sought to be arrested, he has power to waive its protection, and that he did thus waive it in that case.

In disposing of this appeal we are not required to announce what our decision would be if no showing had been made of probable cause, as required by § 18 of our Constitution aforesaid. In the light of the record in this case we are not required to say whether defendant could raise this question by motion to quash the information, or as to whether, under the facts, he should be deemed to have waived the protection of the constitutional provision aforesaid.

The record discloses that a document labeled "Criminal Complaint," and alleging the facts set forth in the information, was sworn to positively by one Frank Borst, and filed in the office of the county judge, prior to the issuance of the warrant and on the same day the information was filed. This was a sufficient showing of probable cause to justify the issuance of the warrant, and while there appears to be no statute authorizing the filing of such a complaint, we are impressed with the soundness of the opinion in Myers v. People, 67 Ill. 503, to the effect that the provisions of chapter 80, Laws of 1909, in so far as they

purport to authorize the institution of criminal proceedings in the county court by the filing of an information, must be construed with reference to § 18 of the Constitution, which declares that "no warrant shall issue but upon probable cause supported by oath or affirmation."

For the above reasons we have reached the conclusion that the court below did not err in denying defendant's motion to quash the information.

What we have above said also disposes of appellant's third assignment.

His fourth assignment challenges the ruling of the county court in receiving Exhibit 7 in evidence. This exhibit consists of a certified list of special taxpayers in Wells county for the year ending June 30, 1910, furnished by one H. Ellerman, collector at Aberdeen, South Dakota, which list includes the defendant's name. Such list was filed by the county auditor in his office on November 12, 1909. After the same was identified by the auditor as one of the files in his office, the same was offered and received in evidence over defendant's objection. We think this was error. Conceding, as is argued by respondent's counsel, that § 8 of chapter 189, Laws of 1907, is still in force, notwithstanding the decision of the Supreme Court of the United States in North Dakota ex rel. Flaherty v. Hanson, 215 U. S. 515, 54 L. ed. 307, 30 Sup. Ct. Rep. 179 (which we need not determine), still there is no law making such list a public record in the auditor's office. Said section neither requires nor authorizes the filing of such list with the auditor. It was therefore, under well-settled rules of evidence, inadmissible as a public record. We think it was also inadmissible in the form presented, as an official certificate of the collector. It does not purport to be a certified copy of any official record in his office, but merely a certificate by him of the existence of certain facts as shown by his records.

For the error in the ruling admitting such exhibit, we are forced to reverse the judgment of conviction and order a new trial. Such error is presumed to be prejudicial, in the absence of a clear showing to the contrary, and in view of the fact the settled statement does not purport to embrace all of the evidence, we are unable to say that such error was nonprejudicial.

This conclusion renders it unnecessary to notice appellant's last assignment of error, which involves merely an irregularity on account of

the separation of the jury after the case had been submitted to it, and before such jury had rendered its verdict. Such irregularity will probably not arise on another trial.

Judgment reversed and a new trial ordered. All concur.