## STATE OF NORTH DAKOTA v. LLOYD LESH.

(145 N. W. 829.)

**Jury — impaneling — challenge — "state of mind" — court — discretion — abuse of — juror — evidence.**

1. Although § 9972, Rev. Codes 1905, permits a challenge for cause "for the existence of a state of mind on the part of the juror, in reference to the case or to either party, which satisfies the court, in the exercise of a sound discretion, that he cannot try the issue impartially, without prejudice to the substantial rights of the party challenging," it is no abuse of such discretion for the trial court to disallow a challenge for cause which is interposed for the reason that a juryman states upon his *voir dire* that the fact that a man was arrested and brought before the jury to be tried might indicate to his mind that "there was something in it;" and where the juror qualifies his statement by saying that if selected as a juror he will try the case entirely on the evidence which he gets from the witness stand, and on the evidence alone.

**Error — challenge to juror — judgment — juror did not participate — peremptory challenge.**

2. Error in refusing to sustain a challenge for cause does not justify the reversal of a judgment where the juryman did not in fact participate in the trial, and the defendant did not exhaust all of his peremptory challenges.

**State's attorney — prosecution — violation prohibition law — county court — preliminary hearing not necessary — depositions.**

3. A state's attorney may commence a prosecution in the county court for a violation of the liquor laws of North Dakota, by the filing of an information which is properly verified, alone, and without a preliminary state's attorney's examination, and the mere fact that he may have conducted such preliminary examination does not make it necessary for him to file the depositions and testimony there taken, together with the names of the witnesses there present.

**Information — criminal complaint — crime charged — commission of — verification.**

4. An information is sufficient which has attached to it an affidavit in the form of a criminal complaint sworn to positively, wherein facts are stated showing the commission by the appellant of the crime charged, even though the affidavit is not entitled in any court, there being no controversy as to the genuineness of the affidavit, and the information itself being verified by the state's attorney in conformity to the statute.

**Information — keeping liquors for sale as a beverage — sufficiency — date — duplicity.**

5. An information for keeping intoxicating liquors for sale as a beverage contrary to the provisions of the laws of North Dakota, and which states that "heretofore, to wit, at various and sundry times between the 1st day of April, 1912, and on the 30th day of November, 1912, in the county of Benson in said state of North Dakota, one Lloyd Lesh, late of said county of Benson and said state of North Dakota, did commit the crime of keeping intoxicating liquors for sale as a beverage, committed as follows, to wit, that at said time and place the said Lloyd Lesh did wilfully, wrongfully, and unlawfully keep intoxicating liquors for sale as a beverage," etc., sufficiently charges the offense of keeping intoxicating liquors for sale as a beverage, and is not defective in that it fails to specify the date on which the crime was committed, nor is it void for duplicity.

**Offense — committed between certain dates — continuing offense — acquittal — bar to further action as to time stated.**

6. The offense of keeping intoxicating liquors for sale which is charged as being committed between certain dates is a continuing offense as to such time, and an acquittal under such an information will be a bar to a subsequent prosecution for a sale as a beverage within such dates.

**Error — instructions — failure of defendant to testify — presumption.**

7. It is not error for a court to fail to instruct the jury that the defendant's neglect to go upon the witness stand does not create or raise any presumption of guilt against him, where such an instruction is not requested by the defendant himself.

**Instructions — druggist's permit — error — keeping liquors for sale as a beverage — jury — presumption as to law.**

8. One charged with the offense of keeping intoxicating liquors for sale as a beverage is not necessarily guilty of such a crime because he has neglected to comply with the technical requirements of the druggist's permit act, nor can a jury be presumed to know the terms and requirements of that act. An instruction, therefore, is erroneous in a prosecution for keeping intoxicating liquors for sale as a beverage, which in substance instructs the jury that if they find that the defendant has sold at all, or in a manner not in conformity with

his rights under his druggist's permit, then they will be warranted in finding him guilty of the crime of keeping intoxicating liquors for sale as a beverage.

**Jury — not presumed to know requirements of a criminal statute — instructions necessary — issues.**

9. A jury will not be presumed to be acquainted with the provisions of a criminal statute. They should, therefore, be instructed in relation thereto when the same are in any way pertinent to the issues involved.

Opinion filed February 17, 1914.

Appeal from the County Court of Benson County, *Liles,* J.

Criminal information for keeping intoxicating liquors for sale as a beverage. Defendant convicted. Defendant appeals.

Reversed.

Statement by BRUCE, J.

Defendant was convicted of the offense of keeping intoxicating liquors for sale as a beverage contrary to the provisions of the statute, and has appealed to this court both from the judgment and from the order denying the motion for a new trial.

*Flynn & Traynor,* for appellant.

The challenge to the juror Anton Engen should have been allowed, and its denial was prejudicial to defendant. Rev. Codes 1905, § 9972, subdiv. 2.

An information or indictment which charges the crime to have been committed on sundry dates between two given dates, and failure to allege any *specific* date, is fatally defective. State v. Beaton, 79 Me. 314, 9 Atl. 728; 22 Cyc. 319, and cases cited; 10 Enc. Pl. & Pr. 517; 23 Cyc. 216, 227, 240; State v. O'Donnell, 81 Me. 271, 17 Atl. 66, 8 Am. Crim. Rep. 390; State v. Pischel, 16 Neb. 490, 20 N. W. 848.

Such an information *implies* at least the commission of two or more distinct offenses, and is duplicitous. 23 Cyc. 218; N. D. Code, § 9851.

The instructions to the jury told them, in effect, that if they found that defendant sold liquor *at all,* they should find him guilty. The *jist* of the charge is, "keeping of the liquor for *sale as a beverage.*" 2 McClain, Crim. Law, § 1253; Arrington v. Com. 10 L.R.A. 247, note.

Such instructions are erroneous and prejudicial, and were not *cured*

by any other instructions. State v. Williams, 14 N. D. 411, 104 N. W. 546; State v. Seelig, 16 N. D. 177, 112 N. W. 140; State v. Kruse, 19 N. D. 208, 124 N. W. 385.

The court did not instruct the jury that the defendant's neglect to go upon the witness stand should not create any presumption against him, or be considered by the jury. Such omission was error. State v. Currie, 13 N. D. 655, 69 L.R.A. 405, 112 Am. St. Rep. 687, 102 N. W. 875; State v. Wisnewski, 13 N. D. 649, 102 N. W. 883, 3 Ann. Cas. 907; State v. Myers, 8 Wash. 177, 35 Pac. 580, 756.

*Andrew Miller,* Attorney General, and *Torger Sinnes,* Special Prosecuting Attorney, for respondent.

The juror Engen's unequivocal statement that he could and would try the case entirely on the evidence, fairly and impartially. There is no merit in defendant's challenge. State v. Ekanger, 8 N. D. 559, 80 N. W. 482; State v. Werner, 16 N. D. 83, 112 N. W. 60; State v. Fujita, 20 N. D. 555, 129 N. W. 360, Ann. Cas. 1913A, 159.

But Engen did not sit on the jury, and defendant did not exhaust all his challenges. Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003; State v. Goetz, 21 N. D. 569, 131 N. W. 514.

The depositions taken by the state's attorney did not need to be filed in this case. State v. Gottlieb, 21 N. D. 179, 129 N. W. 460.

The filing of the information in county court was all that was necessary. Laws of 1909, chap. 80, § 33; State v. Gottlieb, supra.

The warrant of arrest was not issued upon the affidavit alone, but upon the information of the state's attorney with the affidavit attached. Laws of 1909, chap. 80, § 35; Code, § 9383.

The allegations in the information as to the *time* of the offense are sufficient, because the crime charged was a *continuing* one, if any. 22 Cyc. 313, 315.

The jury should not be instructed as to the *facts* in the case. State v. Seelig, 16 N. D. 177, 112 N. W. 140; State v. Williams, 14 N. D. 411, 104 N. W. 546.

Bruce, J. (after stating the facts as above). The first ground urged for a reversal (but which we believe was abandoned upon the oral argument) is that "the court erred in denying the defendant's challenge to the juror Anton Engen." Engen, on his *voir dire,* said: "I said

that the fact that the defendant had been brought in here by the state's attorney charged with the commission of an offense might be such as to make me believe that there must be something in it or he would not be arrested, and it would take evidence to prove to me that he was not guilty, and until that evidence was proven to me I suppose I would still have that opinion. I said that the fact that the man was arrested and brought in here before the jury to be tried might indicate to my mind that there might be something in it. If selected as a juror I could and I would try it entirely on the evidence which I got from the witness stand, and on the evidence alone. I don't mean to tell the court that just because a man is arrested I believe that he is guilty. I believe that a man is innocent until he is proven guilty, and if I were selected as a juror in this case I can and I will try the case on the evidence I get from the witness stand fairly and impartially. I said that if the defendant was brought in here on the information of the state's attorney that that might be some evidence in my mind that he must be guilty, or there might be some evidence against him." We can see no merit in this contention. Section 9972, Rev. Codes 1905, it is true, permits a challenge for cause "for the existence of a state of mind on the part of the juror in reference to the case or to either party, which satisfies the court, in the exercise of a sound discretion, that he cannot try the issue impartially, without prejudice to the substantial rights of the party challenging." It is to be noticed, however, that by the terms of the act a sound discretion is allowed to the trial judge, and that in the exercise of such discretion he must be satisfied that the juror cannot try the issue impartially. We can see no abuse of discretion in this case. The juror simply stated what ninety-nine out of a hundred jurymen would state if they told the truth or understood the questions which were asked them. He followed his statement as to the impression made on his mind by the fact of the arrest by the positive and unequivocal statement and promise that he could and would try the case upon the evidence alone that he got from the witness stand, and fairly and impartially. Under the authorities, it was a matter for the sound discretion of the trial court, and we can find no abuse of such discretion. State v. Ekanger, 8 N. D. 559, 80 N. W. 482; State v. Werner, 16 N. D. 83, 112 N. W. 60; State v. Fujita, 20 N. D. 555, 129 N. W. 360, Ann. Cas. 1913A, 159. It is also to be noted that in the case at bar

the juror was excused and did not participate in the trial, and that the defendant did not exhaust all of his peremptory challenges. Under such circumstances this court has held, and still holds, that error in refusing to sustain a challenge will not justify a reversal of a judgment. Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003; State v. Goetz, 21 N. D. 569, 131 N. W. 514.

Counsel for defendant and appellant next urges that there was not a sufficient complaint or information upon which to base the arrest of the defendant or to give the court jurisdiction over him. It is urged that the state's attorney proceeded under § 9368, Rev. Codes 1905, to subpœna witnesses and take their depositions, but that the depositions were not attached to the information, nor were they ever filed in the court. It is also urged that the affidavit signed by the complaining witness, Ira Thorne, was not entitled in any action or court. Though it was attached to the information of the state's attorney, this information, it is urged, was itself only verified on information and belief.

We do not believe that the fact that the state's attorney conducted a preliminary state's attorney's examination is in any way material. The fact that such was had did not preclude the state's attorney from commencing the action in the county court by the filing of an information merely. State v. Gottlieb, 21 N. D. 179, 129 N. W. 460; Rev. Codes 1905, § 9368. It was not, therefore, necessary for him to file the depositions. Under any view of the law, it was sufficient if there was filed with his information an affidavit in the form of a criminal complaint, sworn to positively, wherein facts were stated showing the commission by the appellant of the crime charged. See State v. Gottlieb, 21 N. D. 180, 129 N. W. 460. The affidavit in this case was as follows:

State of North Dakota ⎫
                       ⎬ ss. :
County of Benson       ⎭

Ira Thorn, being first duly sworn, upon his oath deposes and says that one Lloyd Lesh kept intoxicating liquors for sale as a beverage in

Benson county, North Dakota, at various and sundry times between the
1st day of April, 1912, and the 30th day of November, 1912.

(Signed) Ira Thorn.

Subscribed and sworn to before me this 30th day of November A. D.
1912.

Torger Sinness, as States's Attorney in and for the County of Benson
and State of North Dakota.

This affidavit was sufficient. It is sworn to positively. It is true
that it was not entitled in any court, but it was attached to the informa-
tion and filed. Its genuineness is not disputed, and if would be refining
a refinement of technicality too far to hold that the mere fact of the
omission of the court was material. The information itself appears to
have been verified in conformity with the requirements of the statute.
State v. Gottlieb, 21 N. D. 179, 129 N. W. 460.

It is argued, it is true, that the affidavit of Ira Thorn is not in any
form a deposition, and merely states legal conclusions, and that there
is nothing in it upon which to base a finding that a crime had been com-
mitted. We cannot, however, sustain this contention. It positively
states that the defendant Lesh kept intoxicating liquors for sale as a
beverage, etc. It is a statement of a fact as well as of a legal conclusion.
It may be a conclusion of fact, but every use of the eyes and of the ears
is such a conclusion. Affidavits of this kind are not required to go into
the details of evidence.

It is next claimed that the information is fatally defective in that
it does not allege any specific date on which the crime was committed,
but that the crime, which was that of keeping intoxicating liquors for
sale as a beverage, was committed "at various and sundry times between
the 1st day of April, 1912, and the 30th day of November, 1912." It is
urged that no specific date on which the crime was committed was al-
leged; that the information, therefore, practically means that for a
time the defendant was guilty of keeping such liquor, for a time not;
then again he kept it for sale, and then again was without it; that if it
alleges any crime, it alleges a number of distinct violations of the law,
and that the defendant, therefore, would have no way of knowing of
which he has been convicted so as to bar a further prosecution. It is
also urged that the information is duplicitous in that it includes a

number of distinct offenses of the same nature.   At the same time, however, defendant's counsel admits that the crime of keeping intoxicating liquor for sale is in its nature a continuing offense, and that the information would have been good if it had alleged that the crime was committed on the 1st day of April, 1912, and "at various and sundry times thereafter."

We think there is no merit in the contention of counsel.   It is to be remembered that we are not here dealing with the common law, or with the technical practice of the common law, but with a modern code of criminal procedure.   All that our statutes seem to require is that an information shall be sufficiently clear and definite that it may be understood by an ordinary man.   Rev. Codes 1905, § 9856.   "The precise time at which the offense was committed need not be stated in the information or in the indictment, but it may be alleged to have been committed at any time before the filing thereof, if an information; or, if an indictment, before the finding thereof, except when the time is a material ingredient in the offense."   Rev. Codes 1905, § 9852.   "The information or indictment is sufficient if it can be understood therefrom;   .   .   .   That the offense was committed at some time prior to the time of the presenting of the information or of the finding of the indictment," and, "That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended," and, "that the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case."   Rev. Codes 1905, § 9856.   In the case at bar time is not "a material ingredient in the offense."   The offense is that of keeping intoxicating liquor for sale as a beverage, and in its nature is a continuing offense.   In the case of State v. Brown, 14 N. D. 529, 104 N. W. 1112, we upheld an information which charged that the offense (of maintaining a liquor nuisance) was committed on the 1st day of January, 1904, "and on divers and sundry dates and times between that date and the 24th day of April, A. D., 1905, and on the 24th day of April, 1905."   This allegation, we said, was "equivalent to a statement that the nuisance was maintained on the first and last days named and throughout the intervening period."   We also held that it

was neither uncertain nor open to the objection that it implied that more than one continuous offense was committed. In the case of State v. Stevens, 19 N. D. 249, 123 N. W. 888, the information charged: "That heretofore, to wit, between the 1st day of October, 1908, and the 22d day of April, 1909, continuously, at the county of Nelson in said state of North Dakota, one C. H. Stevens . . . did commit continuously the crime of keeping and maintaining a common nuisance, committed as follows, to wit:" etc. We held in this case that the information charged that a continuing liquor nuisance was kept and maintained by the defendant during each day between the dates mentioned, and that the allegation was sufficiently specific as to time. We have thus held that the specific statement of a day certain is not necessary, and that the allegation that the offense was committed "at various and sundry times between" certain dates is not duplicitous. We now hold that after a conviction or acquittal under such an information, a defendant cannot be put on trial for the keeping of liquor for sale as a beverage within the dates specified, and, such being the case, he is granted all the protection that the common law afforded, for even though the common law may have required a specific date to be stated, it by no means limited the proof to that day. See State v. Cofren, 48 Me. 364; Com. v. Chisholm, 103 Mass. 213; Com. v. Keefe, 9 Gray, 290; Com. v. Langley, 14 Gray, 21.

There is even less merit in the contention that the court erred in failing to instruct the jury that the defendant's neglect to go upon the witness stand did not create or raise any presumption of guilt against him. It is true that the supreme court of Washington has held such omission to be error in State v. Myers, 8 Wash. 177, 35 Pac. 580, 756. The holding, however, was under a statute which specifically required such an instruction to be given, and, as far as we can learn, stands alone. This court held in the case of State v. Dodson, 23 N. D. 305, 136 N. W. 789, that the giving of an instruction was not error where the failure of the defendant to testify had been inadvertently referred to, and such reference was provoked or made necessary by counsel for defendant. We also positively held in the case of State v. Currie, 13 N. D. 655, 69 L.R.A. 405, 112 Am. St. Rep. 687, 102 N. W. 875, and State v. Wisnewski, 13 N. D. 649, 102 N. W. 883, 3 Ann. Cas. 907, that it was not error for the court generally to so instruct the jury. We know

of no case where, in the absence of a statutory command or of a request by the defendant, the giving of such an instruction has been required.

We now come to the instructions of the court, and here we encounter some difficulty. It is claimed by counsel for defendant that in them the court entirely lost sight of the fact that the crime charged was that of *keeping intoxicating liquor for sale as a beverage,* and in effect charged the jury that they could find the defendant guilty if they found from the evidence that he sold intoxicating liquors at all, or sold them in violation of his druggist's permit, even though not as a beverage. A druggist, counsel says, either with or without a permit, might sell liquor for purely medicinal purposes, and could not be charged with selling it or *keeping it for sale as a beverage,* even though he violated his permit. He might, for instance, sell it as a medicine and fail to have the buyer sign the necessary affidavit. He would be violating the law, but would not be guilty of keeping it for sale as a beverage, which alone is the crime charged in the information in the case at bar. The court, counsel says, wholly failed in his instructions to use the qualifying terms, "as a beverage," in defining what constituted the crime. He claims that for these reasons the instructions constituted reversible error.

There is much force in this contention. The material portion of this instruction is as follows: "Gentlemen of the Jury: This is a criminal action. . . . The information charges the defendant, Lloyd Lesh, with the crime of keeping intoxicating liquors for sale as a beverage. It also charges the defendant, Lloyd Lesh, with keeping intoxicating liquors for sale as a beverage between the 1st day of April and the 30th day of November, 1912. The defendant plead not guilty when arraigned under the charge of this information. . . . I further instruct you that each of the material allegations of this information must be proven before you can find the defendant guilty as charged. I instruct you that the material allegations of the information are that the defendant kept intoxicating liquors for sale as a beverage between the 1st day of April, 1912, and the 30th day of November, 1912, and that the defendant kept intoxicating liquors for sale at divers and sundry times between those dates, in Benson county, North Dakota. *I instruct you as to the manner in which the offense may be committed.* If you find from the evidence, beyond a reasonable doubt, that the defendant *kept intoxicating liquors for sale* between the 1st day of April,

1912, and the 30th day of November, 1912, that at that time between those dates the *defendant sold intoxicating liquors,* then you would be warranted in finding the defendant guilty of the crime charged, to wit, keeping intoxicating liquors for sale *as a beverage,* contrary to law. I instruct you further that the evidence in this case discloses that the defendant is the proprietor or manager of a drug store in the town of Warwick, in Benson county, North Dakota, and that between the 15th day of November and the 30th day of November, the last day mentioned in the information, he was the holder of a druggist's permit, granted to the defendant, Lloyd Lesh, by the district court of Benson county, and I instruct you that if you find from the evidence that any liquors that the defendant may have kept between the dates, the 15th of November and the 30th day of November, or any liquors he may have had in store prior to that time, kept for the purpose and that purpose alone of selling in conformity with the druggist's permit granted to him on the 15th day of November, and for no other purpose, and if sales which were made between the 15th day of November and the 30th day of November were made in conformity with his rights and his druggist's permit, then you would not be warranted in finding the defendant guilty of the crime as charged. I further say to you that if you find the defendant kept intoxicating liquors for sale to be sold other than under his druggist's permit, or *did in fact make sale,* if you find, beyond a reasonable doubt, *other than in conformity with his druggist's permit,* then you should find the defendant guilty as charged in the information."

We are satisfied that the jury was not as clearly instructed as a proper administration of justice would require. It is true that the court is not required to instruct upon issues or facts which are foreign to the case. This, however, does not deprive a defendant of the right to be tried for the offense with which he is charged in the information, and one charged with keeping liquor for sale as a beverage should or could hardly be found guilty of such a crime on the mere proof that he has neglected to comply with the conditions of the druggist's permit in making a sale, or has sold under such permit, or has kept intoxicating liquors to be sold thereunder, unless he has actually kept or sold such liquors as a beverage. Defendant, in short, was not charged with any technical violation of the terms of his permit, but with *keeping intoxi-*

*cating liquors for sale as a beverage.* So, too, the instruction as to the druggist's permit is itself indefinite, and the instruction that the defendant could not be found guilty if after the 15th of November he sold in conformity with such permit was unintelligible. The state's attorney, no doubt, was acquainted with all of the druggist permit act and of the conditions contained in the permit itself, and we are all generally presumed to know the law. It is carrying the presumption, however, a little too far to make a man's liberty depend upon the existence of that knowledge in the minds of a jury. In instructing juries, indeed, we cannot presume that they have read and are conversant with all of our statutory enactments. Lawyers and judges even are not, in fact, so cognizant, and they need constantly to consult the books. Juries hardly can have a better opportunity for knowledge. The court in substance instructed the jury that if they found that the defendant had sold liquor at all, and in a manner not in conformity with his rights under his druggist's permit, then they would be warranted in finding him guilty of the crime of keeping intoxicating liquors for sale as a beverage. He absolutely failed to explain what the defendant's rights and duties under the druggist's permit were. The question presents itself as to whether a druggist who keeps alcohol for no other purpose than for medicinal and external uses must necessarily be found guilty of the crime of keeping it *for sale as a beverage,* merely because, in selling it on a prescription and for *medicinal purposes,* he has failed to take the required affidavit from the purchaser. In such a case, indeed, he may be guilty of violating the statute and may have committed a crime, but he has not committed the specific crime of keeping intoxicating liquors for sale as a beverage.

The judgment of the County Court is reversed, and the cause is remanded for further proceedings according to law.