STATE of North Dakota, Plaintiff
and Appellant,

v.

Thomas B. JELLIFF, Defendant
and Appellee.

Crim. No. 574.

Supreme Court of North Dakota.

Feb. 18, 1977.

Calvin N. Rolfson, Deputy Atty. Gen., Bismarck, for appellant.

Robert A. Alphson, Grand Forks, for appellee.

PEDERSON, Justice.

This is an appeal by the State from an order of the Grand Forks County Court

With Increased Jurisdiction dismissing the criminal complaint charging the defendant, Thomas B. Jelliff, with the offense of misapplication of entrusted property in violation of § 12.1–23–07, NDCC. We reverse and order the complaint reinstated.

On September 9, 1975, the district judge of the First Judicial District made a written demand upon the attorney general of North Dakota, pursuant to § 54–12–04, NDCC, directing his office to "make a full and complete investigation" of alleged irregularities in the Grand Forks County State's Attorney's office.

The district judge's demand was based upon an affidavit of a former assistant state's attorney which alleged that Jelliff maintained a trust account in his name as state's attorney for the purpose of depositing moneys received by his office for restitution of insufficient fund checks, and that the trust account had become overdrawn on occasion because Jelliff had drawn checks upon this account for his own personal use.

After several months of investigation, a criminal complaint, supported by an affidavit of probable cause, was prepared and presented to the judge of the Grand Forks County Court With Increased Jurisdiction, who approved the complaint on December 29, 1975, based upon a finding of probable cause. The criminal complaint charged Jelliff with the offense of misapplication of entrusted property on or about the 28th day of July, 1975, in violation of § 12.1–23–07, NDCC. That section states:

"A person is guilty of a class A misdemeanor if he disposes of, uses, or transfers any interest in property which has been entrusted to him as a fiduciary, or in his capacity as a public servant or an officer, director, agent, employee of, or a person controlling a financial institution, in a manner that he knows is not authorized and that he knows to involve a risk of loss or detriment to the owner of the property or to the government or other person for whose benefit the property was entrusted."

The supporting affidavit listed nine instances in which Jelliff had allegedly drawn money from the state's attorney's trust checking account for his personal use. Seven of the checks were allegedly drawn prior to the effective date of the statute under which Jelliff was charged, July 1, 1975. The relevant subsection which deals with the retroactivity of the criminal statute, § 12.1–01–01(2), NDCC, provides:

"2. This title, except as provided in subsection 3 of this section, shall not apply to offenses committed prior to its effective date. Prosecutions for such offenses shall be governed by prior law, which is continued in effect for that purpose. For the purposes of this section, an offense was committed prior to the effective date of this title if any of the elements of the offense occurred prior thereto."

On June 21, 1976, Jelliff filed a motion to suppress all transactions of the defendant except those occurring after July 1, 1975. The hearing on that motion was set for July 29, 1976, but a day before the hearing Jelliff served upon the State an "amended motion to dismiss." Both motions were argued on July 29, 1976, and the court, on September 7, 1976, rendered an order entitled "Order Granting Motion of Defendant to Suppress Evidence and Order Granting Amended Motion of Defendant to Dismiss the Above Entitled Action and Dismissal of the Complaint." In its order the court stated that the complaint must be dismissed because "Section 12.1–23–07 is not applicable to any element of the offense committed prior to July 1, 1975, the effective date of Title 12.1 of the North Dakota Criminal Code as amended through the 1975 Legislative Assembly." It is from this order that the State appeals.

In its brief the State poses the following questions, slightly reordered, as the issues on appeal, each of which will be discussed below:

(1) May an order of the court dismissing a criminal complaint be appealed by the State?

(2) Should an otherwise sufficient criminal complaint be dismissed because a supporting affidavit contains, in addition to facts supporting the charge, surplusage or evidentiary material which may or may not be admissible at trial?

(3) Did any of the "elements" of the offense with which defendant is charged occur prior to the effective date of the law?

(4) If the lower court's order dismissing the complaint also effectively suppressed evidence, was it error to suppress evidence which was to be introduced for the limited purpose of showing motive, intent, identity, scheme or plan, or the absence of mistake or accident?

## (1) MAY AN ORDER OF THE COURT DISMISSING A CRIMINAL COMPLAINT BE APPEALED BY THE STATE?

Section 29–28–07, NDCC, lists the orders from which the State may appeal, and provides in relevant part:

"An appeal may be taken by the state from:

"1. An order quashing an information or indictment or any count thereof;"

The defendant contends that the quoted statutory language allows an appeal only from an order quashing an information or indictment, not from an order dismissing a complaint. He cites *State v. Bauer,* 153 N.W.2d 895 (N.D.1967), in support of this contention, a case which held that an order dismissing a criminal complaint was not appealable because it was not expressly enumerated by § 29–28–07, NDCC.

While *State v. Bauer, supra,* was not expressly overruled by *State v. Hart,* 162 N.W.2d 499, 500 (N.D.1968), that latter decision held that an order granting a motion to quash a criminal complaint is appealable by the State. In so holding, this Court stated:

"By statute, the rules of practice and procedure in criminal actions in district courts and in county courts of increased jurisdiction are similar. N.D.C.C. § 27–08–24. Because of this intended uniformity of practice and procedure and because, as previously pointed out, there is no real distinction between a criminal information and a criminal complaint under our law, a motion to quash, based upon the enumerated grounds of N.D. C.C. § 29–14–04 having reference to criminal informations, is available and may be employed in a county court of increased jurisdiction to test the jurisdictional and legal sufficiency of a criminal complaint. Accordingly, in the instant case the defendant was entitled to so test the vulnerability of the amended criminal complaint in the county court. It follows that the order granting the motion to quash the complaint is appealable, just as is an order granting a motion to quash an information."

While this Court in *State v. Hart, supra,* found that there is no real distinction between a criminal information and a criminal complaint for purposes of determining appealability under § 29–28–07, NDCC, in the same manner, in *State v. Howe,* 247 N.W.2d 647 (N.D.1976), we held that an order dismissing an information under Rule 12, NDRCrimP, in effect quashes an information within the purview of appealable orders under § 29–28–07. In reaching this conclusion in *State v. Howe, supra,* we said, at 652:

"We do not think Rule 12, NDRCrimP, was intended to deny the substantive right to appeal granted under subsection (1) of the statute, and if so intended, it could not have that effect. A procedural rule cannot abrogate a substantive right. Rather, the rule abolished a creature known as the motion to quash, substituting therefor a motion to dismiss which has precisely the same effect. The order of dismissal here 'quashed' the information, and brings the appeal within subsection (1) of § 29–28–07, NDCC."

In reaching the foregoing conclusion in *State v. Howe, supra,* we said that, while the right to appeal is purely statutory, statutes conferring the right to appeal must be liberally construed, and that in determining appealability it is not the label which controls but, rather, the effect. We think these cases and Rule 12, NDRCrimP,

which abolished motions to quash and replaced them with motions to dismiss, clearly permit the appealability of an order dismissing a criminal complaint under § 29–28–07(1), NDCC.

(2) SHOULD AN OTHERWISE SUFFICIENT CRIMINAL COMPLAINT BE DISMISSED BECAUSE A SUPPORTING AFFIDAVIT CONTAINS, IN ADDITION TO FACTS SUPPORTING THE CHARGE, SURPLUSAGE OR EVIDENTIARY MATERIAL WHICH MAY OR MAY NOT BE ADMISSIBLE AT TRIAL?

Rule 3, NDRCrimP, which governs the criminal complaint, provides as follows:

"(a) *General.*

The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a magistrate of this state who may examine on oath the complainant and other witnesses as well as receive any affidavit filed with the complaint. If the magistrate examines the complainant or other witnesses on oath, he must cause their statements to be reduced to writing and to be subscribed by the persons making them or to be recorded by a court reporter or recording equipment.

(b) *Amendment.*

The magistrate may permit a complaint to be amended at any time before a finding or verdict if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

The comments to the Rule clearly indicate that courts generally favor the liberal amendment of complaints, and subsection (b) provides for such amendment if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

■ The State contends that the supporting affidavit is not considered part of the complaint, and does not itself charge an offense. We have previously so held. *State v. Stevens,* 19 N.D. 249, 123 N.W. 888 (1909). This Court has also held an infor-

mation sufficient when an affidavit in the form of a criminal complaint was filed with it in which facts were stated showing the commission of the offense charged. *State v. Lesh,* 27 N.D. 165, 145 N.W. 829 (1914).

■ Although criminal complaints which are phrased in statutory language have been held sufficient, *State v. Prince,* 75 N.D. 386, 28 N.W.2d 538 (1947), *State v. Lange,* 82 S.D. 666, 152 N.W.2d 635 (1967), and this complaint, apart from its supporting affidavit, appears to satisfy that test, it is important to remember that the purpose of a criminal complaint is to fairly inform the defendant of the charge in order that he may prepare his defense. *State v. Heasley,* 196 N.W.2d 896 (N.D.1972). In this sense, the rules governing the sufficiency of the criminal complaint seem equally applicable to a supporting affidavit if the information contained within that affidavit is potentially confusing to the defendant or inconsistent with the language of the complaint itself.

■ In this instance the complaint in question is supported by an affidavit which contains allegations of checks drawn upon a trust account by Jelliff both prior to and after the effective date of the law under which he is charged. In 22 C.J.S. Criminal Law, § 312, at 808, the author states:

"Mere defects, inaccuracies, or omissions in a complaint, affidavit, or information do not affect the subsequent proceedings, unless, as a result, no offense is charged. * * *

"Misstatements or improper allegations which are surplusage may be disregarded."

*Accord, Bary v. United States,* 292 F.2d 53 (10th Cir. 1961).

In *State v. Medearis,* 165 N.W.2d 688, 692–693 (N.D.1969), finding a criminal complaint to sufficiently apprise the defendant of the charge of driving while intoxicated, this Court stated:

"When the facts, act, and circumstances are set forth with sufficient certainty, it is not a fatal defect that the information

or the complaint gives an erroneous name to the charge. * * *

* * * * * *

"In considering the sufficiency of a criminal pleading, technicalities have been abolished and it is only necessary to plead an offense in its usually designated name in plain, ordinary language."

The purpose behind the adoption of the North Dakota Rules of Criminal Procedure was to secure the simplification of procedure and the elimination of unjustifiable expense and delay. Rule 2, NDRCrimP. We think this purpose is effectuated when the presence of surplusage in a complaint or supporting affidavit, not essential to the allegation of an offense, is held not to vitiate the complaint.

We note that Rule 7(d), NDRCrimP, provides that unnecessary allegations may be disregarded as surplusage and the court, on motion of either party or upon its own motion, may strike that surplusage from the information or indictment. While Rule 7 governs indictments and informations, we have already noted the similarity between an information and a complaint. This Court also noted that similarity in *State v. Buehler,* 125 N.W.2d 155, 158 (N.D.1963), a case involving the North Dakota constitutional requirement that every criminal prosecution for misdemeanors be by indictment or information, where we said:

"This statute, which, by inference, permits the prosecution of a person for the commission of a misdemeanor in county court with increased jurisdiction by criminal complaint, is constitutional, as a criminal complaint authorized for use in said court under present law is the equivalent of an 'information' as contemplated by our state constitution."

Where nonessential material appeared in an information in *State v. Hefta,* 88 N.W.2d 626, 629 (N.D.1958), we said:

"Where words appear in an information which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential elements of the offense, they

may be treated as surplusage and wholly disregarded."

■ Although Rule 3 contains no comparable surplusage provision to that of Rule 7, we think the policy behind Rule 7(d) is equally applicable to criminal complaints as well. If the complaint otherwise fairly and factually apprises the defendant of the offense charged, but contains unnecessary or prejudicial allegations, irrelevant or immaterial facts, or other surplusage, the proper remedy is to amend or strike that surplusage rather than move to suppress the evidence or to dismiss the complaint. 1 Wright, Federal Practice and Procedure, Criminal, § 127 (1969); *Dranow v. United States,* 307 F.2d 545 (8th Cir. 1962). Thus, if the complaint in this case contains all the essential elements required to prove a violation of § 12.1–23–07, NDCC, a question to which we next address ourselves, it will not fail simply because a supporting affidavit contains unnecessary allegations or other surplusage.

(3) DID ANY OF THE "ELEMENTS" OF THE OFFENSE WITH WHICH DEFENDANT IS CHARGED OCCUR PRIOR TO THE EFFECTIVE DATE OF THE LAW?

Section 12.1–01–01, NDCC, quoted earlier in the opinion, deals with retroactivity of the statute under which Jelliff is charged and provides that an offense is committed prior to the effective date of the statute if any of the elements of the offense occurred prior thereto. To determine whether Jelliff committed acts which, if proved, constitute a violation of § 12.1–23–07, NDCC, we must determine what the elements of the statutory offense are, and whether they all occurred after the effective date of the statute.

The general definition of the term "elements of an offense" appears in § 12.1–01–03(1), NDCC, which provides:

"No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. An accused is presumed innocent until proven guilty. The fact that he has

been arrested, confined, or charged with the offense gives rise to no inference of guilt at his trial. 'Element of an offense' means: a. the forbidden conduct; b. the attendant circumstances specified in the definition and grading of the offense; c. the required culpability; d. any required result; and e. the nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue."

■ Although the lower court did not specifically state the basis of its decision to dismiss, we could speculate that the court must have concluded that, because statutory violations can occur either by single acts or a continuous series of acts, the prosecution had elected to prosecute as one offense a continuous series of acts and that, therefore, the prosecution is barred because some of the acts in the series occurred prior to the effective date of the statute. We reject this analysis because no such election has been shown and, in fact, the complaint alleges only a single statutory violation on or about July 28, 1975.

We could also speculate that the lower court concluded that culpability is an element of the offense, and that the affidavit disclosed that the State intended to prove culpability by acts committed before the effective date of the statute, which Jelliff says is contrary to the explicit provisions of § 12.1–01–01(2), NDCC. The fallacy in this argument is that it appears to assume that culpability existing prior to July 1, 1975, would prevent proof that culpability also existed after July 1, 1975.

The statute contains no language that would support Jelliff's position. A person violates the statute if he "disposes of, uses, or transfers *any* interest in property which has been entrusted to him as a fiduciary * * *." [Emphasis added.] The number of instances of improper conduct or the value of the property misapplied is not specified in the statute, and does not appear to be significant. If one has misapplied any entrusted property on only one occasion with the requisite attendant circumstances, culpability and result, without a defense to the crime, he has violated the statute.

■■ The relevant elements of the offense in this case consist of:
(1) the disposal, use or transfer
(2) of any interest in property
(3) which has been entrusted to the defendant
(4) as a fiduciary or in his capacity as a public servant
(5) in a manner he knows is not authorized
(6) and that he knows to involve a risk of loss or detriment to
(7) the owner of the property or the government.

Each alleged withdrawal of trust funds, knowingly applied to personal use in an unauthorized manner, conceivably involves a risk of loss to the owner of the property. All of the elements are present, and the statutory offense is complete upon each separate misapplication of entrusted property.

■ Any different interpretation would produce absurd results. A determination that the statute contemplates a series of transactions exclusively, rather than single instances of forbidden conduct, would lead to the unreasonable conclusion that anyone who had misapplied entrusted property before the effective date of the statute could, as part of the same series of transactions, continue to violate the statute with impunity after the statute has become effective.

■ We have held repeatedly that statutes must be construed to avoid ludicrous and absurd results, *Pollock v. McKenzie County Public School Dist. # 1*, 221 N.W.2d 521 (N.D.1974), and that courts endeavor to construe statutes so as to effectuate the legislative purposes which prompted their enactment. *Hughes v. State Farm Mut. Auto. Ins. Co.*, 236 N.W.2d 870 (N.D.1975). Certainly a construction of a criminal statute which nullifies its punitive provisions contravenes the purpose of the enactment and leads to illogical and absurd results.

(4) IF THE LOWER COURT'S ORDER DISMISSING THE COMPLAINT ALSO EFFECTIVELY SUPPRESSED EVIDENCE, WAS IT ERROR TO SUPPRESS EVIDENCE WHICH WAS TO BE INTRODUCED FOR THE LIMITED PURPOSE OF SHOWING MOTIVE, INTENT, IDENTITY, SCHEME OR PLAN, OR THE ABSENCE OF MISTAKE OR ACCIDENT?

In its brief the State has expressed some confusion as to the effectiveness of the lower court's order to suppress transactions of the defendant occurring prior to July 1, 1975, the effective date of the law. The order is entitled, "Order Granting Motion of Defendant to Suppress Evidence and Order Granting Amended Motion of Defendant to Dismiss the Above Entitled Action and Dismissal of the Complaint." While the body of the three-page order dismisses the complaint, it contains no language discussing the specific evidence to be suppressed, and no order actually suppressing evidence.

In spite of its confusion, the State has elected to brief the issue of the admissibility of evidence of prior acts in a criminal proceeding, and asks this Court to decide that issue here and reverse the lower court if, in fact, it has suppressed evidence. We decline to do so. While we might be inclined to discuss and decide the question of the effect of an order suppressing evidence when the body of the order does not contain any language to that effect, we would still be unable to ascertain the relevant evidence to which the order applies.

This uncertainty is increased by the general nature of Jelliff's motion to suppress, which asked the Court for an "order to suppress all transactions of the Defendant except those occurring after July 1, 1975." We are not informed of the nature or extent of these transactions or their possible relevance to this criminal action.

 We can indicate general acceptance of the State's argument as to the rules of evidence in this State with respect to the admissibility of prior acts or occurrences in criminal proceedings. The general rule that evidence of acts or offenses committed by the accused prior to the offense charged is not admissible, 22A C.J.S. Criminal Law § 682, is subject to the well-established exception in this State that such prior acts or offenses are admissible for the limited purpose of showing motive, intent, identity, scheme, plan, or absence of mistake or accident. Rule 404(b), NDREv (1977); *State v. Stevens,* 238 N.W.2d 251 (N.D.1975). That decision demonstrated our reluctance to mechanically apply rules of evidence, however, and our approval of a balancing test in which the need for and relevancy of evidence is balanced against the possible prejudicial effects attendant upon its admission at trial. In any event, admission of such evidence requires a proper cautionary instruction by the court as to its admissibility for limited purposes.

 While this is the general rule of evidence in this State, it cannot serve as a basis for resolving the evidentiary question now before us. It is impossible for this Court to affirm or reverse a lower court's order which may or may not effectively suppress evidence, the nature and extent of which remain unknown. The element of knowledge or culpability occurring after July 1, 1975, may be evidenced by acts which occurred prior thereto.

For the foregoing reasons, we believe that the criminal complaint alleges sufficient facts, which, if proved, constitute a violation of § 12.1–23–07, NDCC.

The decision of the lower court is reversed and the criminal complaint is reinstated.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.