## STATE OF NORTH DAKOTA, Respondent, v. ED KELLER, Appellant.

(— A.L.R. —, 223 N. W. 698.)

Opinion filed February 19, 1929.

*E. R. Sinkler* and *G. O. Brekke,* for appellant.

646

*B. L. Wilson,* State's Attorney, for respondent.

NUESSLE, J. Ed Keller was convicted of the crime of engaging in the liquor traffic. Thereafter he moved for a new trial. The motion was denied. This appeal is from the judgment of conviction and from the order denying his motion.

While the appeal is from both the judgment and the order denying his motion for a new trial, the only question raised here is as to the propriety of the order. The motion for new trial was made on the minutes of the court and the affidavit of Keller. The state made no counter-showing. In his affidavit Keller set forth the fact of his arrest, his preliminary examination and his employment of counsel (not his counsel on this appeal), and further says that when his case was called for trial in the district court the attorney employed by him appeared in the court room to try the case and that the attorney was then intoxicated to such an extent that he did not know what was transpiring at all times in the court room and was unable to properly defend the action; that said attorney did not in any manner examine the jury for cause; that the defendant had material witnesses present at that time who would have testified in denial of the testimony of the witnesses on whom the state relied to make its case; that the defendant would have testified to like effect; that defendant had advised his attorney as to what he and his other witnesses would testify to and that such witnesses were present; that his attorney did not place on the witness stand any of the witnesses the defendant had brought for the trial and did not call the defendant as a witness; that he did not argue the case to the jury; that the defendant was not in fact represented at said trial because his attorney was unable to understand or compre-

hend what was going on around him; that in truth and in fact the said defendant was compelled to go through said trial without counsel; that defendant had had no experience in the trial of cases and did not know what was necessary to be done and relied on his attorney to do such things as were necessary for his defense; and that in truth and in fact he did not know that his case was finished until the jury had left the court room.

On this showing the defendant contends that he did not have the sort of defense to which he was entitled under the Constitution and statutes of this state; that without fault on his part he was substantially prejudiced in his rights; that by reason of all the facts and circumstances he was entitled to a new trial.

The case was tried to a jury. An examination of the settled statement discloses that the state offered its evidence and rested and that no witnesses were called on behalf of the defendant. The defendant himself was not called to testify. There was no argument to the jury. It further appears that few objections were interposed to the testimony offered by the state. No requests for instructions were submitted and no objections to instructions as given were taken. However, reading the statement of the case alone, it does not appear that there was any prejudicial error in the trial. Nor would it be possible to say therefrom that the attorney for the defendant was in such a state of intoxication as not to be able to properly represent the defendant. If the motion for new trial rested on the settled statement alone, or if the trial court had found against the defendant as to the facts, we should have no hesitation in sustaining the order denying the motion. See State v. Thompson, 56 N. D. 716, 219 N. W. 218. But, in the instant case, the affidavit of the defendant stands uncontroverted. On this appeal we must perforce take it to truly recite the facts. For the trial court who was in a position to know first hand what the facts were as to the condition of the defendant's attorney, though he denied the motion for a new trial, in doing so, and as a part of the order, said: "The motion for a new trial in the above entitled action having come on to be heard . . . on the minutes of the court and the affidavit of Ed Keller, and it appearing to the court that the affidavit of Ed Keller is true, and this court deeming it the province of the supreme court to pass on the qualifications of attorneys, . . . It is hereby

ordered that the said motion for new trial be and the same is in all things denied." Thus, though the facts were found to be in accordance with the contentions of the defendant, it appears that the trial court denied the motion for new trial on the theory that it was powerless in the premises in view of the fact that the attorney retained by the defendant was admitted to the practice of law.

The defendant had the right to a speedy and public trial and to defend in person and by counsel. Constitution, North Dakota, § 13. Pursuant to this constitutional guaranty he had the right to employ as his counsel anyone authorized to practice in the trial court. Having done so, he would ordinarily be bound by any course of action that was followed with respect to his defense by the attorney thus selected by him. State v. Dangelo, 182 Iowa, 1253, 166 N. W. 587; 16 C. J. 1145. But it seems to us that the instant case is not the ordinary case so as to come within the rule. Here it appears that the defendant was ignorant of his rights and unacquainted with the course of procedure in criminal trials. So much so that he did not know that the trial was concluded until the jury had left the court room. His counsel, an officer of the court, was so drunk that in effect he had no counsel. Under such circumstances the defendant was clearly prejudiced without apparent fault on his part. It is inconceivable why the trial of the cause was permitted to continue when his attorney was in such a condition of intoxication as the showing of the defendant established. It is clear that under such a state of facts it was at least the duty of the trial court to advise the defendant as to his right to select other counsel and to afford him a reasonable opportunity to do so if he wished. Certainly it was the duty of the court to see that he had a fair trial. Every defendant is entitled to such a trial and the requirement is not satisfied with one which is a farce and a travesty on justice.

The order appealed from must be reversed and a new trial ordered.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.