EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SANTIAGO VARGAS RIVERA, PABLO MÉNDEZ FELICIANO, JUSTINO ACEVEDO QUILES y TEODORO LATORRE, acusados y apelantes.

Número 15259.

*Sometido:* 7 de Noviembre de 1952. *Resuelto:* 4 de Diciembre de 1952.

*Miguel Velázquez Rivera* y *Santos P. Amadeo,* abogados de los apelantes; *Hon. Procurador General Víctor Gutiérrez Fran-*

*qui* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

En el antiguo Tribunal de Distrito de Puerto Rico, Sección de Aguadilla, radicó el fiscal una acusación por infracción a la Ley 220 de 1948 (Ley de Bolita) contra Miguel Acevedo Quiles, Santiago Vargas Rivera, Efraín Ríos Feliciano, Pablo Méndez Feliciano, Justino Acevedo Quiles, Justiniano Borrero Pérez, Alejandrino Acevedo Méndez, Ramón Soto Vera, Agustín Acevedo Quiles, Onofre Cardona, Félix Lebrón Rodríguez y Teodoro Latorre. (¹)

El 5 de noviembre de 1951 fué llamado el caso para vista, a la cual comparecieron los acusados personalmente. Estuvo representado el acusado Agustín Acevedo Quiles por el Lic. José Veray, Jr., y los demás acusados por sus abogados, Lic. José Rafael Gelpí y Lic. Baltasar Quiñones Elías.

Según consta de la transcripción de la evidencia, la prueba de cargo fué admitida mediante la siguiente estipulación:

"Sr. Fiscal.—Señor Juez: en este caso los compañeros de la defensa—el compañero Veray, Quiñones Elías y Gelpí—y este Fiscal tenemos una estipulación que hacer a Vuestro Honor, y es la siguiente: que de declarar los testigos que aparecen al dorso de la acusación Andrés Acevedo Vera y Constancio Santiago, lo harían en la forma en que aparece de sus declaraciones que obran en este expediente. Ofrecemos el expediente en evidencia.

"Abogado Sr. Gelpí. En cuanto a los acusados representados por el compañero Quiñones Elías y por nosotros, hemos examinado ese expediente y no tenemos inconveniente en estipular lo manifestado por el compañero Fiscal. Creemos que eso es beneficioso para nuestros representados.

"Sr. Fiscal. Y ofrecemos, Sr. Juez, las libretas y lápices ocupados que se identifican en el expediente.

---

(¹) Se acusó a esas personas de un delito "misdemeanor", consistente en tener en su poder listas y libretas de números y letras, además de lápices, usados en el juego de la Bolita.

"Abogado Sr. Veray. Aceptamos también la estipulación.

"Hon. Juez: Se aprueba la estipulación."

Aprobada la estipulación, continuó el juicio, pasando la defensa a presentar su prueba de descargo. (T. de E. 5.) Terminada esta prueba, el acusado Efraín Ríos Feliciano cambió su alegación de inocencia por la de culpabilidad y la corte procedió inmediatamente a dictarle la sentencia correspondiente. En cuanto a los demás acusados, el Juez hizo el siguiente pronunciamiento:

"Por la apreciación de la prueba practicada en este caso, según aparece ésta del expediente del Fiscal, la evidencia ofrecida por éste y la prueba de la defensa, el tribunal ha llegado a las siguientes conclusiones: en cuanto al acusado Agustín Acevedo Quiles el tribunal tiene duda y le da el beneficio de ésta àl acusado y lo absuelve. En cuanto al acusado Teodoro Latorre, lo declara culpable del delito que se le imputa y dictará sentencia dentro de un momento. En cuanto al acusado Félix Lebrón Rodríguez, el tribunal en este caso tiene duda, le da el beneficio de la misma al acusado y lo absuelve. En el caso de Onofre Cardona la Corte tiene también duda y le da el beneficio de esta duda al acusado y lo absuelve. En cuanto al acusado Santiago Vargas Rivera, el tribunal lo declara culpable del delito que se le imputa. En cuanto al acusado Miguel Acevedo Quiles el tribunal tiene dudas y lo absuelve. En cuanto a Pablo Méndez Feliciano, la corte lo declara culpable del delito que se le imputa. En cuanto al acusado Justino Acevedo Quiles, la Corte lo declara culpable. En cuanto a Justiniano Borrero Pérez, la Corte tiene duda y lo absuelve. En cuanto a Alejandrino Acevedo Méndez la Corte tiene duda, le da el beneficio de esa duda y lo va a absolver. En cuanto a Ramón Soto Vera, la Corte tiene duda y lo absuelve."

En suma (aparte del acusado Ríos que se declaró culpable) del examen de las declaraciones admitidas por estipulación y de la prueba de descargo, la corte a quo concluyó que debía absolver, y absolvió, a siete de los acusados, declarando culpables a los otros cuatro, que son los aquí apelantes. Acto seguido la corte condenó a cada uno de los convictos a sufrir una pena de seis meses de cárcel.

El error imputado en la apelación contra las sentencias dictadas, es el siguiente:

"La corte cometió error al declarar como declaró culpables a los acusados apelantes del delito que se les imputaba en la acusación ya que no tenía jurisdicción para dictar la sentencia que dictó porque dichos acusados-apelantes no renunciaron expresa e inteligentemente al derecho constitucional a confrontarse con los testigos y la estipulación de sus abogados renunciando ese derecho era nula e ineficaz."

██ ██ El derecho de todo acusado a carearse con los testigos en su contra estaba garantizado, a la fecha en que se cometieron los actos delictivos por los apelantes y al momento de celebrarse el juicio en la corte inferior, por el artículo 2 de la Ley Orgánica de Puerto Rico, párrafo segundo, que en lo pertinente disponía así: "En todos los procesos criminales el acusado gozará del derecho . . . de carearse con los testigos de cargo . . ."(²)

La misma garantía fué incluída en el artículo 11 de la Constitución del Estado Libre Asociado de Puerto Rico,(³) vigente desde el 25 de julio de 1952.

Estas disposiciones tienen su precedente inmediato en la Constitución de los Estados Unidos, Enmiendas, Artículo VI. Se trata, pues, de la adopción de una parte fundamental de la Carta de Derechos de la Ley Suprema nacional que debe

(²) El texto en inglés lee como sigue:
"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . "

(³) Las razones para retener el precepto fueron resumidas por la Comisión de Carta de Derechos en su informe a la Convención Constituyente, con las siguientes palabras: "La garantía de confrontarse con los testigos contrarios es esencial en el sistema nuestro. Nuestro Tribunal Supremo ha aceptado en este campo las doctrinas del derecho común. El propósito es impedir que se utilicen en contra de un acusado declaraciones que no se han sometido a la prueba del contrainterrogatorio. Las excepciones que se reconocen a la 'regla de la prueba de referencia' —en virtud de las cuales se admiten declaraciones de valor especial, a pesar de que no se han sometido a contrainterrogatorio en el juicio en que se ofrecen— presentan problemas de legislación y administración judicial, que no deben afectar la formulación de la norma aquí recomendada."

recibir una interpretación similar en su aplicación local. ([4]) Cabe añadir también que casi todas las constituciones estaduales han adoptado idéntico principio. 5 Wigmore *on Evidence*, sección 1397, pág. 127.

Además del mandato constitucional expreso—antes bajo la Ley Jones y hoy bajo la Constitución del Estado Libre Asociado—la legislación insular ratifica el derecho de los acusados, en todo proceso criminal, a carearse con los testigos contrarios. El artículo 11 del Código de Enjuiciamiento Criminal de Puerto Rico, dispone lo siguiente:

"Artículo 11 (686 Cal.). En un proceso criminal el acusado tiene derecho a:

"(1) . . . . . . .

"(2) . . . . . . .

"(3) . . . . . . .

"(4) Confrontarse con los testigos contrarios en presencia del tribunal, excepto cuando se hubieren practicado las primeras diligencias ante un promotor fiscal o juez municipal o de paz; o cuando el testimonio de algún testigo presentado por el Pueblo, e imposibilitado de prestar fianza para su comparecencia, hubiere sido tomado en presencia del reo, quien en persona o por medio de su abogado hubiere repreguntado, o tenido oportunidad para repreguntar al testigo, en cuyo caso, la deposición de éste podrá ser leída, siempre que se justificare a satisfacción del tribunal haber fallecido o estar demente dicho testigo o no poderse encontrar en Puerto Rico, a pesar de las diligencias practicadas al efecto. El examen de testigos por el promotor fiscal según lo dispuesto en el artículo 3, se hará privadamente, y no deberá aquél interrogar a los testigos del acusado, excepto en el acto de celebrarse el juicio público."

Todo acusado en un proceso criminal tiene el derecho a enfrentarse con los testigos utilizados en su contra. *Pueblo* v. *Carbone*, 59 D.P.R. 610, 612; *Pueblo* v. *Ortiz*, 57 D.P.R. 469, 473; *Aguilar* v. *Pueblo*, 49 D.P.R. 668, 672; *Pueblo* v. *Rojas*, 16 D.P.R. 251, 254, 255. El problema consiste en determinar si el abogado de un acusado puede renunciar a

([4])*South Porto Rico Sugar Co.* v. *Buscaglia*, 154 F.2d 96, 100.

ese derecho de confrontación, en representación del acusado y sin el consentimiento expreso del acusado, en virtud de una estipulación como la que fué hecha en el caso de autos.

El derecho de confrontación adquiere su virtualidad y razón de ser, no por el hecho en sí de concederle al acusado y al tribunal la oportunidad de observar a los testigos, sino porque le sirve de base al propósito esencial de permitirle al acusado el repreguntar a los testigos. El derecho a la repregunta le imprime un contenido de realidad y eficacia al derecho de confrontación. Es útil la facultad de observar a los testigos, pero más importante aun es el poder de repreguntar a los testigos contrarios, desde el punto de vista de la obtención de los beneficios de una defensa justa y adecuada. En 5 Wigmore 27, sección 1365, tercera edición, se dice lo siguiente:

"El derecho a la confrontación es el derecho a una oportunidad de repreguntar. La confrontación también envuelve una ventaja subordinada e incidental, o sea, la observación por el tribunal de la forma y manera en que declaran los testigos, como un medio de juzgar el valor de su testimonio. Pero esta ventaja de menor importancia no se considera como esencial, esto es, se puede prescindir de ella cuando no es factible. Empero, la repregunta es el objeto esencial de la confrontación y es indispensable e imprescindible." Véanse además la sección 1362 de la misma obra, y 23 Corpus Juris Secundum, pág. 360 *et seq.*, secciones 999–1008.

Uno de los propósitos de tal derecho consiste en la evitación de métodos secretos e inquisitoriales de enjuiciamiento y el de concederle al acusado el privilegio de impugnar y enfrentarse a la prueba presentada contra él mediante la repregunta. Rottschaefer, *Handbook of American Constitutional Law,* pág. 795.

Ahora bien, el abogado defensor de un acusado puede válidamente renunciar al derecho a contrainterrogar a los testigos adversos. *State* v. *Rouse,* 135 S.E. 641, 642; 5 Wigmore 52, sección 1371, y pág. 40, 45, sección 1368, en

150

donde se señala la utilidad, en algunos casos, de renunciar al ejercicio del derecho a repreguntar.

Es indudable que si el acusado ha ejercitado la oportunidad, en un procedimiento preliminar o anterior al juicio, de confrontarse con o repreguntar a los testigos adversos, él puede válidamente renunciar posteriormente a tales derechos al celebrarse la vista del caso en sus méritos. *Díaz* v. *United States*, 223 U.S. 442; *People* v. *Wallin*, (Cal.) 215 P.2d 1, 3; *People* v. *Young*, 224 P.2d 46, 47; *People* v. *Dessauer*, 241 P.2d 238, 241; *Commonwealth* v. *Petrillo*, 16 A.2d 51; *Brown* v. *State*, 37 N.E.2d 73, 77; *Kempa* v. *State*, 58 N.E.2d 934; *Grove* v. *United States*, 3 F.2d 965; 5 Wigmore 136, sección 1398 y Anotaciones en 15 A.L.R. 495; 79 A.L.R. 1392 y 122 A.L.R. 425.

Aun independientemente de si se ha ejercitado el derecho a la confrontación y repregunta en algún procedimiento anterior, el abogado, en representación del acusado puede válidamente renunciar al privilegio de enfrentarse con los testigos de cargo, aun mediante una estipulación en cuanto a la prueba. *People* v. *Malin*, 24 N.E.2d 349, 350; *People* v. *Sheehan*, 95 N.E.2d 878, 880, 881; *People* v. *Schultz Kuigliten*, 115 N.E. 140; *Bonar* v. *Commonwealth*, 202 S.W. 676; *State* v. *Harris*, 107 S.E. 466; *Fukunaga* v. *Territory of Hawaii*, 33 F.2d 396; *Territory* v. *Yamba*, 37 Hawaii 477. (⁵)

Si es válida la renuncia a contrainterrogar hecha por un abogado defensor, ello implica la validez de la renuncia a la mera confrontación, ya que, como hemos visto, la repregunta es el fin esencial de la confrontación.

 Desde otro punto de vista, la actuación u omisión de un abogado generalmente obliga a su cliente. 7 C.J.S. 896

---

(⁵) Las cortes de Tejas y Maryland se han negado a permitir que se renuncie al derecho de confrontación mediante una estipulación. 23 So. Calif. L. Rev., 268. Véase además el caso de *People* ·v. *Timmons* (Mich.) 2 N.W. 2d 804. Preferimos la regla mayoritaria, que permite tal renuncia. Incidentalmente, en el 1948, Tejas adoptó la doctrina que permite la renuncia a tal derecho, por estipulación. *Villarreal* v. *State*, 214 S.W.2d 464.

*et seq.*, secciones 79 y 80; *Denberry* v. *Commonwealth*, 44 S.W.2d 1076, 1081; *Ohlquest* v. *Farwell*, 32 N.W. 277; *In re Level Club*, 46 F.2d 1002, 1004. Por ejemplo, un abogado puede retirar una moción de nuevo juicio aun en ausencia de un acusado, *Abney* v. *State*, 169 S.E. 539, y puede renunciar a un juicio rápido, *State* v. *Turlok*, 248 Pac. 169, 174, al igual que puede aceptar una instrucción especial, *Jacob* v. *State*, 213 S.W. 628.([6])

En este caso los abogados de los acusados creyeron conveniente estipular el contenido de la prueba de cargo y presentaron la prueba de descargo. Tal como se indica en el caso de *Graham* v. *Squier*, 132 F.2d 681, 685, "a un acusado no se le debe permitir que, a través de su abogado, se allane a que se presente cierta prueba sin objeción, con la esperanza de que ello ha de beneficiarle y luego, al ser declarado culpable, alegue que no tuvo un juicio justo en vista de la admisión de tal prueba."

*Deben confirmarse las sentencias apeladas.*

---

([6]) La situación es distinta si el abogado estaba en estado de embriaguez. *State* v. *Keller*, 223 N.W. 698.