STATE of North Dakota, Plaintiff and Respondent,

v.

Ray ENGLISH, Defendant and Appellant.

Cr. No. 276.

Supreme Court of North Dakota.

Oct. 18, 1957.

County. After judgment the defendant moved for a new trial. This motion was denied and defendant has appealed both from the judgment and from the order denying a new trial.

The specifications of error relate to the admission of evidence, the instructions of the trial judge, the sufficiency of the information, the defendant's claim that he was ill-advised with respect to his failure to testify in his own behalf and the sufficiency of the evidence.

The specifications as to the admission of evidence may be grouped under two general headings. The first group relates to the testimony of the alleged accomplices of the defendant concerning defendant's participation in the crime charged. The theory of the State was, and the evidence adduced tended to show, that Phillip M. Volk had purchased a restaurant in which the defendant had an interest; that the defendant had signed notes with Volk in the sum of $3,-250; that Volk was not doing enough business in the restaurant to meet his current obligations and that in order to collect the insurance on the restaurant, the defendant and Volk together planned and procured the burning of the building in which the restaurant was located.

At the trial Volk and one Waanaton another accomplice were called as witnesses and, over objection, gave testimony concerning the participation of the defendant in planning and procuring the burning of the building. This testimony was objected to on the ground that evidence as to the declarations of one conspirator are not admissible as to a co-conspirator until the existence of the conspiracy has been established. It is apparent that the rule invoked has no application to this testimony. In the first place this is not a prosecution for conspiracy, and in the second place, the rule which is an exception to the hearsay rule in conpiracy cases, has no relation to testimony by a witness as to the statements made, or acts committed, by the defendant in his presence.

L. L. Butterwick, Minnwaukan, for appellant, Milton K. Higgins, Bismarck, of counsel.

Leslie R. Burgum, Atty. Gen., R. G. Manly, State's Atty., New Rockford, for respondent.

BURKE, Justice.

The defendant was convicted of the crime of arson in the District Court of Eddy

■ The second group of specifications of error in the admission of evidence concerns the testimony of officers representing the State Fire Marshal. These officers, Vance Arneson, Chief Deputy Fire Marshal, and Leonard Harrelson, special investigator, were called as witnesses and they testified as to certain admissions, both oral and written, made to them by the defendant. This testimony and the written admissions were objected to upon the ground that they had been obtained by duress. The proof offered by the State, however, was that the statements had been voluntarily made and given and there is no evidence to the contrary in the record. Harrelson's testimony is that, upon his request, defendant came voluntarily to his hotel room. He stated that, before he asked the defendant any questions, he told him that he was going to inquire about defendant's reported connection with an incendiary fire and asked defendant if he wanted a lawyer. He stated that defendant replied that he did not want a lawyer. Harrelson also testified: "I told him he did not have to answer any of my questions and any incriminating statement that he made to me would or could be used in evidence against him in a criminal action." This testimony is corroborated by Arneson and both officers testified that the written admission was voluntarily made. The testimony of these officers and the written admission were clearly admissible in evidence.

■ There are three specifications of error relating to the instructions. The first is that it was error for the trial judge to fail to instruct that defendant's failure to testify in his own behalf raised no presumption of guilt. No request for this instruction was made and, in the absence of a request, the failure of the trial judge to give it was not error. State v. Lesh, 27 N.D. 165, 145 N.W. 829.

■ The second specification is that the court failed to charge the jury that they should not consider the confession of the defendant unless they found beyond a rea-sonable doubt, that the confession had been voluntarily made. Assuming that the written statement of the defendant was a confession and not merely an admission, there nevertheless was no need to submit the question of its voluntary character to the jury. The question of whether a confession was voluntarily made and therefore admissible in evidence is primarily one for the court. State v. Kerns, 50 N.D. 927, 198 N.W. 698; State v. Nagel, 75 N.D. 495, 28 N.W.2d 665.

■ The third specification concerning the instructions was that it was error for the trial judge to refuse to give a requested instruction which was as follows:

"You are instructed that the mere fact that the accused had knowledge of an intended crime on the part of another and concealed the same or failed to prevent it will not render him liable for the crime."

There was no evidence in the case which made such an instruction appropriate. The witness, Volk, testified that he and the defendant planned and procured the burning of a building. In this he was corroborated by the witness Waanaton. The principal issue for the jury was the credibility of these witnesses. There was no basis for a finding that their testimony was credible only to the extent that it showed knowledge of a proposed crime on the part of the defendant. Instructions which are inapplicable to the evidence should not be given and are properly refused. State v. Carter, 50 N.D. 270, 195 N.W. 567.

■ The next specification to be considered is the challenge to the sufficiency of the information. The information was as follows:

"Glynn Manly, States Attorney in and for the said County of Eddy and State of North Dakota, informs this Court that heretofore, to-wit: On the 13th day of June, 1955, in the County of Eddy and State of North Dakota, one Ray English committed the crime ·

of arson, committed in the manner following, to-wit:

"That at said time and place .the said Defendant, Ray English, did then and there wilfully, maliciously, unlawfully, wrongfully and feloniously set fire to, burn, and cause to be burned the restaurant store building located on Lots 29, 30 and 31 Block 24 of .the Original Townsite of the City of New Rockford, North Dakota;

"This against the peace and dignity of the State of North Dakota."

The challenge to this information is that the crime designated therein is arson and that the facts alleged do not charge such crime. This contention is based upon the provisions of Chapter 115, Laws of N.D. 1929, which completely rewrote the law of this State with respect to the malicious burning of property. Section 1 of this act provides that one who " * * * maliciously sets fire to, or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling * * * be guilty of arson * * *." Section 2 of the Act provides a penalty for the malicious burning of buildings other than dwellings but does not specify any name by which such crime shall be known.

The information charged that the defendant committed the crime of arson by burning a store and restaurant building. The defendant says that the malicious burning of such a building is not arson and that therefore the information is fatally defective.

This precise question was before this court in State v. Bendickson, 62 N.D. 201, 242 N.W. 693. In that case the defendant was charged with the crime of arson by burning a garage building. There, as well as here, the facts alleged, set forth the commission of the crime of maliciously burning a building other than a dwelling. In that case and in this the trial judge instructed the jury with respect to the crime set forth by the alleged facts and sentenced

the defendant accordingly. In that case we approved and followed the rule which is set forth in 31 C.J. 669 as follows:

" * * * when the facts, acts, and circumstances are set forth with sufficient certainty, it is not a fatal defect that the indictment or information gives the offense no name, or an erroneous name. So too, an indictment is good as charging the offense which the facts set forth in the indictment constitute under the law, notwithstanding an improper characterization thereof in the caption." See, also, 42 C.J.S. Indictments and Informations § 111.

Under this rule, which we affirm, the information was sufficient.

■■■■■ The defendant also claims that he was denied a fair trial because, on the advice of counsel, he failed to take the stand in his own defense. The defendant was represented by an experienced attorney of his own choosing. Ordinarily, in such a case he would be bound with respect to any course of action followed by counsel in his defense. State v. Keller, 57 N.D. 645, 223 N.W. 698, 64 A.L.R. 434. The fact that he failed to take the witness stand on the advice of counsel and after an adverse verdict filed an affidavit to the effect that certain admissions had been obtained from him under duress and that he would have given testimony contradicting the testimony of the witnesses for the state, is not sufficient to constitute an exception to this rule. State v. Keller, supra; State v. Thompson, 56 N.D. 716, 219 N.W. 218. There was therefore no error in denying the motion for a new trial on this ground.

■■■■ Finally, the defendant specified that the evidence was insufficient to sustain the verdict. The basis of this contention is the claim that defendant was convicted upon the uncorroborated testimony of accomplices. Our decision that the evidence of defendant's admission was properly received eliminates this claim. These admissions are more than sufficient to corroborate the accomplices' testimony.

Since we have found no error in the record, the judgment of the district court and the order denying a new trial are affirmed.

GRIMSON, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.