**STATE of North Dakota, Plaintiff and Appellee,**

v.

**David GUTSCHE, Defendant and Appellant.**

Crim. No. 1169.

Supreme Court of North Dakota.

April 29, 1987.

Alan K. Duppler, States Atty., Stanton, for plaintiff and appellee.

Vinje Law Firm, Bismarck, for defendant and appellant; argued by Ralph A. Vinje.

GIERKE, Justice.

David Gutsche (Gutsche) appeals from his conviction for violating § 12.1–20–03, N.D.C.C., a class A felony. The only issue Gutsche raises on appeal is whether he received effective assistance of counsel during the course of the proceedings which led to his being charged, arrested and convicted of gross sexual imposition. We affirm.

Gutsche challenges his defense counsel's effectiveness on one ground, to wit: the failure of his trial attorney to move for dismissal of the criminal proceedings pending against him pursuant to § 12.1–20–01(3), N.D.C.C. Section 12.1–20–01(3), N.D.C.C., amended in 1985,[1] stated:

**1.** The 1985 amendment deleted the provision in the statute requiring that the prosecution of a

crime under § 12.1–20–03 through § 12.1–20–08 or § 12.1–20–12, N.D.C.C., be initiated within three (3) months after a parent learns of the incident of abuse. A new subsection was added to the statute which reads:

"If the alleged victim was a minor or otherwise incompetent to make complaint, no prosecution may be instituted or maintained under sections 12.1–20–03 through 12.1–20–08 or section 12.1–20–12 unless the alleged offense

"No prosecution may be instituted or maintained under sections 12.1–20–03 through 12.1–20–08 or section 12.1–20–12 unless the alleged offense was brought to the notice of public authority within three months of its occurrence or, where the alleged victim was a minor or otherwise incompetent to make complaint, within three months after a parent, guardian, or other competent person specifically interested in the victim, other than the alleged offender, learned of the offense."

In accordance with this provision, no criminal prosecution for the sexual abuse of minors could be maintained unless the offense was brought to the attention of public authorities within three (3) months after a parent, guardian or other competent person learned of the offense.

Gutsche argues that the entire criminal prosecution in the instant case was based upon comments made by Gutsche's daughter, Heather, to Bernice Gutsche (David Gutsche's wife) in April or May of 1984. The evidence surrounding this conversation between Bernice and Heather revealed that sometime during the spring of 1984 Gutsche was working in the yard outside his home while Bernice and Heather watched him through a window of the house. Bernice testified that, while watching her father in the yard, Heather made several statements indicating the possibility of sexual abuse by her father.

Gutsche contends that this single incident served as the entire basis for his criminal prosecution. Therefore, since the alleged "abuse" was brought to the attention of Bernice in the spring of 1984 and was the *only* basis for Gutsche's arrest and prosecution, then, pursuant to § 12.1–20–01(3), N.D.C.C., the criminal prosecution should not have been instituted against Gutsche in the fall of 1984 because more than three (3) months had passed between the time Bernice learned of the incident (May 1984) and the time the prosecution

was initiated (November 1984). Gutsche asserts that at no time did his trial counsel attempt to dismiss this matter in accordance with § 12.1–20–01(3), N.D.C.C. The main thrust of Gutsche's argument is that, since his trial counsel made no attempt to dismiss the criminal proceedings, he was denied his fundamental right to a fair trial due to the ineffectiveness of counsel. We disagree.

The ultimate focus on review of an ineffective assistance of counsel claim is to ascertain whether the defendant received a fair trial. *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 691 (1984); *see also, State v. Micko,* 393 N.W.2d 741, 747 (N.D.1986). The standard established in *Strickland* and adopted by this Court [*see State v. Patten,* 353 N.W.2d 30, 33 (N.D.1984) ] requires the defendant to show (1) his counsel's conduct was unreasonable, and (2) a reasonable probability that counsel's conduct affected the outcome of the case. *Strickland,* 104 S.Ct. at 2064–2069; *State v. McLain,* 403 N.W.2d 16, 17 (N.D.1987); *Micko, supra* at 746–747. The burden is on the defendant to meet *both* elements of this standard and failure to do so is fatal to his ineffective assistance of counsel claim. *McLain, supra* at 17; *Micko* at 746.

Gutsche attacks the performance of his counsel in only one respect: failure to move for dismissal of the criminal prosecution pursuant to § 12.1–20–01(3), N.D.C.C. When reviewing whether an attorney rendered effective assistance we consider all of the circumstances of the case in conjunction with a presumption that counsel's conduct was reasonable. *Micko* at 747. The burden is on the defendant to affirmatively reveal how his trial counsel's conduct was deficient. We review an attorney's conduct very deferentially and analyze the performance by reconstructing the circumstances of the trial and counsel's challenged response to them in accordance with an objective standard of reasonableness under pre-

was brought to the notice of public authority within three months after a parent, guardian, or other competent person specifically interested in the victim, learned of the offense. The three-month limitation does not begin to

apply unless the person learning of the offense is someone other than the offender or a spouse, child, sibling, or parent of the offender."

*See* § 12.1–20–01(4), N.D.C.C.

vailing professional norms. *Strickland, supra* at 2065; *Micko* at 747. Therefore, it is only the most egregious errors which will meet the onerous burden borne by a defendant asserting that his counsel's performance was deficient.[2] *See Kimmelman v. Morrison,* — U.S. —, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). (United States Supreme Court held that defense counsel failed to meet prevailing professional norms in a criminal trial wherein he failed to conduct any pretrial discovery and this omission led to the admission of evidence which could have been suppressed by a timely motion. *Kimmelman,* 106 S.Ct. at 2588.)

The purpose of the effective assistance of counsel guarantee of the Sixth Amendment is *not* to improve the quality of legal representation but to ensure that criminal defendants receive a fair trial. *Strickland,* 104 S.Ct. at 2063; *see also,* Section 12, Article I of the North Dakota Constitution. The problems inherent in reviewing ineffective assistance of counsel claims are obvious. Any less deferential standard than the presumption that defense counsel executed sound strategy at trial would lead to the proliferation of ineffectiveness challenges[3] and undermine the Sixth Amendment guarantee in a number of ways including: adversely affecting defense counsel's performance and willingness to serve; dampening the ardor and impairing defense counsel's independence; discouraging the willingness of a defense attorney to accept assigned cases; and, undermining the trust mandated by the attorney/client relationship. *Strickland* at 2066. We view counsel's function objectively, in accordance with prevailing professional norms, in order to make the adversarial process work in a particular case and thereby ensuring that the accused receives a fair hearing. *Id.*

After a review of the record in this case, we find Gutsche's argument regarding his counsel's deficient performance at trial meritless and need not consider the "prejudice" prong of his ineffective assistance of counsel claim. Indeed, we find that the error Gutsche attributed to his trial counsel, rendering his representation ineffective and depriving him of a fair trial, did not even occur.

Gutsche's argument presupposes that § 12.1–20–01(3), N.D.C.C., applied to the circumstances involved in his criminal prosecution and that the conversation between Heather and Bernice provided the only basis for initiating the criminal complaint against him. Therefore, because his trial

---

**2.** A case revealing conduct which meets the first prong in the *Strickland* ineffective assistance of counsel test can be found in a North Dakota case which predates *Strickland* by fifty-five (55) years. Although decided long before the United States Supreme Court's adoption of the *Strickland* standard, we believe it exemplifies the type of attorney conduct which can meet the burden established in *Strickland.*

In *State v. Keller,* 57 N.D. 645, 223 N.W. 698 (1929), the North Dakota Supreme Court recognized that under our State Constitution every defendant is entitled to a fair trial and to be defended by counsel. The Court ordered a new trial after Keller established that his attorney: "... was then intoxicated to such an extent that he did not know what was transpiring at all times in the courtroom, and was unable to properly defend the action; ..." *Keller,* 223 N.W. at 699. The Court found:

"The case was tried to a jury. An examination of the settled statement discloses that the state offered its evidence and rested, and that no witnesses were called on behalf of the defendant. The defendant himself was not called to testify. There was no argument to the jury. It further appears that few objections were interposed to the testimony offered by the state. No requests for instructions were submitted, and no objections to instructions as given were taken." *Id.*

The Court then ruled, even though no prejudicial error appeared in the trial, since Keller was ignorant of his rights and unacquainted with court procedures, *and* because his counsel was so drunk as not to be an active participant in the proceedings, Keller, in effect, received no counsel. *Keller* at 699.

**3.** We find the words of Professor Charles H. Whitebread apropos in this respect when, in reference to the ineffective assistance of counsel claim, he says: "No claim is more commonly raised and less likely to succeed than that age-old layman's cry, 'We lost. My lawyer is a bum.'" C.H. Whitebread, *Recent Impact Decisions of the United States Supreme Court in Criminal Cases* 24 (1984). In Professor Whitebread's opinion, the *Strickland* decision virtually ends the likelihood of a successful ineffective assistance of counsel claim without some colorable claim of either innocence or miscarriage of justice. *Id.* at 27.

counsel made no effort to dismiss the criminal complaint against him, Gutsche asserts that an unreasonable mistake was made which satisfies the performance prong of the *Strickland* test.

Initially, we point out that Gutsche's defense counsel at trial was aware of § 12.1–20–01(3), N.D.C.C. That Gutsche's trial counsel was conscious of the three (3) month statute of limitations provision in the North Dakota Century Code cannot be disputed. In the extensive pretrial record accompanying this case, Gutsche's counsel made a motion for a bill of particulars requesting the specifics of Gutsche's alleged crime. As a stated purpose in support of the motion for a bill of particulars, Gutsche's counsel clearly stated:

> "Movement (sic) is further without sufficient information to know whether or not section 12.1–20–01(3) of the North Dakota Century Code providing for a three (3) month statute of limitations is applicable."

It is readily apparent from this language that trial counsel was aware of the statutory limitation and made an attempt to evaluate its applicability to Gutsche's case.

In response to the motion for a bill of particulars, the State of North Dakota (State) responded by stating:

> "It is alleged that the offense was of an ongoing nature consisting of several separate occurrences. *They happened during the period of about a year from October, 1983, through October, 1984.* Each occurrence happened at times when the child-victim's mother was not at home." [Emphasis added.]

The State alleged that Gutsche would sexually abuse his daughter on those evenings when Bernice attended her Alcoholics Anonymous (AA) meetings, usually twice a week. The State also alleged that this abuse continued for over a period of one year and was not limited solely to one occurrence during the spring of 1984.

The State supported its contentions with evidence revealing that abuse had occurred only two (2) weeks before the October 1984 investigation and the social worker's determination that Heather was being sexually abused. Similarly, the State elicited the testimony of several witnesses that revealed Heather had experienced emotional and behavioral problems *over a period of months* consistent with problems experienced by abused children and that Heather possessed a familiarity and fascination with the human anatomy and sexual activities inconsistent with a child of her age and mental development. This was the case proffered by the State and the case presented to the jury, which, after deliberating for over seven hours, returned a verdict of guilty.

It is clear that while Gutsche's counsel was aware of the limitation in § 12.1–20–01(3), N.D.C.C., his trial attorney did not think it applicable to the set of circumstances Gutsche was facing or the case the State alleged against him. Therefore, Gutsche's defense counsel did not attempt to have the prosecution dismissed. We agree with Gutsche's trial counsel that § 12.1–20–01(3), N.D.C.C., did not apply to the circumstances surrounding the criminal complaint in the instant case.

It cannot be argued that Gutsche's defense counsel's conduct was unreasonable since it is clear that no error was committed on the part of trial counsel. Gutsche's trial attorney considered § 12.1–20–01(3), N.D.C.C., and decided, correctly, that it did not apply to the offense Gutsche was being charged with and which the State presented to the jury. It is clear that, while the statute placed a three (3) month limitation for the initiation of the criminal prosecution of a singular incident, § 12.1–20–01(3), N.D.C.C., did not apply to the instant case which alleged that sexual abuse occurred only weeks before the police investigation and Gutsche's subsequent arrest. After a review of the extensive record developed in this case and after reading the transcript from the five-day trial, it is apparent that Gutsche's counsel performed admirably and that Gutsche was provided with an exceedingly fair trial. While we can understand Gutsche's consternation with the jury, we cannot find that his defense counsel's performance was deficient or that he was deprived of a fair trial.

Because Gutsche failed to present any conduct on the part of trial counsel which could be considered unreasonable, he has failed to meet his burden under the *Strickland* ineffective assistance of counsel test and his appeal must fail. Accordingly, the jury verdict convicting David Gutsche of violating § 12.1–20–03, N.D.C.C., is affirmed.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.